UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| J. ISABEL ESPARZA-MUNOZ,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOHN KERRY et al.,<br><br>  Defendants. | 3:15-cv-00580-RCJ-VPC<br><br>**ORDER** |

This case arises out of the denial of a visa application. Pending before the Court is a Motion to Dismiss (ECF Nos. 14, 15). For the reasons given herein, the Court grants the motion.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff J. Isabel Esparza-Munoz filed a petition to obtain visas for his wife Maria de Jesus Esparza de Esparza and their children (the "Petition"). (Am. Compl. ¶ 15, ECF No. 5). Plaintiff listed his and his wife's grandchild Yazarit Erfert Esparza Esparza as their child because they had raised the child. (*Id.* ¶ 16). The Immigration and Naturalization Service approved the Petition and forwarded it to the National Visa Center, which in turn forwarded it to the consular office in Ciudad Juarez, Mexico (the "Office"). (*Id.* ¶¶ 17–18). Ms. Esparza was interviewed at the Office concerning the Petition on or about December 14, 1994, where she acknowledged that Yazarit Erfert Esparza Esparza was her grandchild, not her child. (*Id.* ¶¶ 19–20). The consular

officer determined that Ms. Esparza had made a material misrepresentation on the Petition and was therefore ineligible for an immigrant visa under 8 U.S.C. § 1182(a)(6)(C)(i), which excludes aliens who "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter." (*Id.* ¶ 21). Aliens so barred may apply for a hardship waiver under 8 U.S.C. § 1182(i). (*Id.* ¶ 22). Ms. Esparza applied for a waiver, and on or about May 12, 1995, the Office informed her that the INS had approved the waiver. (*Id.* ¶¶ 23–24). The Office later determined Ms. Esparza was ineligible for an immigrant visa because the waiver did not apply to an aliens excludable under 8 U.S.C. § 1182(a)(6)(E)(i), which excludes aliens who "at any time knowingly ha[ve] encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." (*Id.* ¶¶ 25–26).

Plaintiff seeks a writ of mandamus to Defendants Secretary of State John Kerry, Interim Ambassador to Mexico William H. Duncan, and Consul General Daria L. Darnel, ordering them to reconsider his wife's visa application without considering her alleged previous act of alien smuggling as a disqualifier, as well as a declaration that Defendants violated the Administrative Procedures Act by incorrectly interpreting and applying the relevant statutes and regulations. Defendants have moved to dismiss for lack of subject matter jurisdiction.

## II. DISCUSSION

Defendants argue that the doctrine of consular nonreviewability precludes the lawsuit. Although nonreviewability of consular decisions whether to issue visas is the general rule, *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986), "a U.S. citizen raising a constitutional challenge to the denial of a visa is entitled to a limited judicial inquiry regarding the reason for the decision. As long as the reason given is facially legitimate and bona fide the

decision will not be disturbed." *Bustamonte v. Mukasey*, 531 F.3d 1059, 1062 (9th Cir. 2008) (citing *Kleindienst v. Mandel*, 408 U.S. 753 (1972)) (holding that a citizen may make a limited procedural due process challenge to the denial of a non-citizen spouse's visa application).

The parties argue whether a facially legitimate, bona fide reason was given for the denial. But the Court needn't conduct that analysis, because the exception to consular nonreviewability simply does not apply here. Plaintiff became a citizen before filing the present lawsuit. (Am. Compl. ¶ 2). But Plaintiff was not a citizen when his wife's visa application was denied. Because the spousal visa denial occurred when Plaintiff was not a citizen, no violation of the due process clause can have resulted from the denial, because only citizen spouses have any cognizable liberty interest in the context of spousal visa applications. *See Bustamonte*, 531 F.3d at 1062. If *Bustamonte*'s already controversial exception is to be extended to those who were not citizens but only resident aliens when their spouse's visa application was denied, it must be done by the Court of Appeals, not by this Court.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF Nos. 14, 15) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

DATED: This 8th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge